| Case No. | CV 19-3294 FMO (KSx) | Date | May 2, 2019 |
|---|---|---|---|
| Title | Pam Johnson, et al. v. Johnson and Johnson, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:**  (In Chambers) Order Re: Remand

The court is in receipt of defendants' Notice of Removal.  (See Dkt. 1, "NOR").  The NOR invokes 28 U.S.C. § 1452 as providing grounds for removal.  (See id. at 1).

Title 28 U.S.C. § 1452(a) states that "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  In turn,  28 U.S.C. § 1452(b) states that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.  An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

"This 'any equitable ground' remand standard is an unusually broad grant of authority. It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes."  In re McCarthy, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).  For substantially the same reasons set forth in Michelle Chavez, et al. v. Johnson & Johnson, et al., CV 19-3365 (SKx) (C.D. Cal. 2019), the court concludes that remand under § 1254(b) is appropriate in this matter.  Specifically, the state court action in this case was initiated more than a year ago.  (See Dkt. 1-1, Complaint at ECF 13).  The state court complaint also asserts state law causes of action.  (See id. at ¶¶ 10-85).  Accordingly, principles of judicial economy, comity, prejudice to nondebtor parties, and the predominance of state law issues compel the conclusion that remand is warranted.  See Timothy Grangruth v. Toyota Motor Sales U.S.A., Inc., et al., 2018 WL 6265105, *1 (C.D. Cal. 2018) (noting these considerations as factors that may warrant remand).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-3294 FMO (KSx)** | Date | **May 2, 2019** |
|---|---|---|---|
| Title | **Pam Johnson, et al. v. Johnson and Johnson, et al.** | | |

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, pursuant to 28 U.S.C. § 1452(b).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are denied as moot.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |